## GEISLER, Plaintiff-Appellee, v. ARNOVITZ, Defendant-Appellant.

Ohio Appeals, Second District, Montgomery County

No. 1797.   Decided January 17, 1944.

Arnovitz & Arnovitz, Dayton, for defendant-appellant.
Thomas Gavin, Dayton, for plaintiff-appellee.

### OPINION

By THE COURT:

This matter had its inception in the Municipal Court of the City of Dayton. The original action was based upon a statement of claim of forcible entry and detainer in which it was alleged that the defendant Clara Arnovitz has since the 18th day of May, 1943, and does still unlawfully and forcibly detain from the plaintiff the possession of certain premises described; that since the 10th day of May, 1943, defendant has been in default for payment of rent. Defendant entered upon said premises as the tenant of the plaintiff; the lease expired at the time above mentioned, and since that time defendant has held over her said term.

For a second cause of action plaintiff seeks to recover $45.00 for past due rent.

In open court the defendant filed an answer denying that she was a tenant of the plaintiff, but stating that the real tenant was her brother Sol Arnovitz.

After hearing, the Court entered judgment in favor of the plaintiff, finding that the defendant, Clara Arnovitz, rented the premises from the former owner who sold the property to the present plaintiff. It was ordered by the Court that the plaintiff make restitution of the premises immediately, and that the defendant is indebted to the plaintiff in the sum of $45.00.

The appellant claims that it is established by the evidence that she was not the renter of said property, but that the same was rented by her brother Solomon, all rent being paid by her brother; that her brother Solomon is in the Army, and has been since December 11, 1942.

The Municipal Court found that Clara had rented the premises from the former owner, one David Kersting.

Notice of appeal to the Common Pleas Court was given and in that Court the defendant-appellant filed eight assignments of error.

The Court of Common Pleas affirmed the judgment of the Court below and remanded the case for execution. Thereupon defendant-appellant appealed to this Court and filed the same assignment of errors as filed in the Court of Common Pleas, as errors committed by the Municipal Court. The matter in controversy narrows down to the single point, as to who was the tenant, whether Clara, the defendant in the Municipal Court, or her brother Solomon. The husband of the former owner of the property Maude C. Kersting testifies positively that he rented the property to Clara by reason of the fact that she had a good position and that the rent would be secure. He states that he would not have rented it to Solomon or to any other member of the family. Clara denies that she rented the property and states that it was rented to her brother Sol who being now in the Army, no notice can be served upon him. The property was sold to Arthur A. Geisler the plaintiff on May 10, 1943.

Outside of the oral testimony of the parties, there is some documentary evidence; first, on behalf of the plaintiff in the trial court there is exhibited what is stated to be an account of original entries showing that on the books of the husband of the then owner Clara is noted as the tenant and entries were made of various payments credited upon the rent account. On the other hand, the documentary evidence of the defendant-appellant consists of certain checks signed by Sol for the rent and receipts given to him and not to the sister

Clara. Afterwards, a controversy arose as to the real tenant, and the then owner of the property refused, at first, to give a receipt to Sol, but the sister refused to pay the rent unless the receipt was given to Sol, so that ultimately the receipt was so given.

This matter presents the usual controversy between parties as to the facts. In case of such conflicting evidence this Court will not reverse the Court below unless it finds that the judgment is against the manifest weight of the evidence. There is no reason why we should vary from this rule.

Defendant-appellant assigns in this Court eight claimed errors of the Court below, which include the assertion that the judgment of the Municipal Court is contrary to law and is not sustained by evidence; that the Court erred in overruling the motion of the appellant to dismiss the statement after the introduction of the plaintiff's evidence and after the introduction of all the evidence; that the Court rendered judgment in favor of the plaintiff when it should have been in favor of the defendant-appellant, and that the Common Pleas Court erred in overruling all of these assignments of errors filed by the appellant in the Common Pleas Court.

The 5th assignment of error is to the effect that the Municipal Court erred in the exclusion of testimony. The 6th assignment is that it erred in the admission of testimony.

We have examined all the assignments of error and detect no prejudicial error in any. No. 5, alleging that the Municipal Court erred in the exclusion of testimony has given us the most concern. The matter to which this assignment is addressed may be found on page 40 of the bill of exceptions, and relates to the evidence of Herman D. Arnovitz, attorney, formerly associated with the firm of Arnovitz & Arnovitz and with his brother Solomon, now in the Army, having been inducted on December 11, 1942. The matter relates to an alleged conversation he had with Mrs. Kersting about two months after Solomon was inducted into the Army. The Court sustained an objection to the testimony of Herman as to a conversation alleged to have been held with Mrs. Maude C. Kersting during the time she was the owner of the property. After the Court had excluded this evidence a proffer was made to the effect that the witness, if permitted to testify, could and would testify that Mrs. Kersting, after the first of the year wanted to make receipts payable to Clara, and that the witness refused to make payments until the receipt was made in the name of Sol; that the witness informed Mrs. Kersting that the property was rented to Sol and that Mrs. Kersting said that she knew

that was the case, but that since Sol was in the Army she could not see how they could collect from Sol; that witness informed her that Sol had made an allotment to his mother, and that the payments would be kept up and that as a result of said conversation with Mrs. Kersting, the receipt was made in the name of Sol. We do not believe there is any prejudicial error in refusing the testimony of Sol's brother of the conversation with Mrs. Kersting which resulted in the taking of the receipt in the name of Sol. It is not a question of the person either paying the money or to whom the receipt was given. The question is who was the tenant at the time that the action was brought. The property was sold by Mrs. Kersting on May 10, 1943, several months after the date of the alleged conversation. Mrs. Kersting did not represent the present plaintiff and her statement made at the time would have no binding effect upon him and we are of the opinion that the Court did not err in excluding said testimony.

As to the other alleged errors it is not necessary to examine them in detail, but we hold that none of the alleged errors disclose a prejudicial error on the part of the trial court, and the same are overruled.

The judgment of the Court of Common Pleas is affirmed and cause remanded.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.

HORNBECK, J., concurring.

I concur in the judgment but am of opinion that the court erred in refusing to admit the testimony of Herman D. Arnovitz as to the statement of Mrs. Kersting, the former owner of the property the restitution of which was the subject of the action. This conversation was had with the person who owned the property at the time that the rental contract was made and in whose behalf it was made and during the period when the relationship of landlord and tenant subsisted between the declarant and the tenant. This situation then brought into application that rule of evidence which makes competent.

"As against a party to the record an admission of a privy, such as a former owner of the property under or through whom he claims." 31 C. J. S. 1101.

The evidence does not come clearly under the principle because it has application generally to questions of title but

it is so analogous thereto as to make it applicable. In the cited authority it is said,

"Privity between declarant and a party to the record may render an admission competent, and hence, where an owner of property makes admissions in disparagement of his title these may be shown against persons claiming under or through him. Such an admission, being primary evidence, is competent, although, it has been held, declarant is available as a witness;"

There was privity between the declarant and the present owner of the property who was the party plaintiff in this suit.

Decided February 18, 1944.

BY THE COURT:

This matter is before this court upon the defendant-appellant's application for rehearing, wherein it is asserted,

(1) That the decision of this and the lower courts is against the manifest weight of the evidence and contrary to law;

(2) That this Court did not pass on all the questions complained of

(3) That the cause is one of great and general public interest.

(4) That the decision of this and the lower courts is in conflict with the universally accepted principles of law that to constitute a contract there must be a meeting of the minds.

We have given the matter patient consideration, and have gone over carefully our former decision, as well as the evidence upon which the same is based. We recognize the fact that there is an element of uncertainty in the matters presented. Where sharply conflicting evidence is presented to the trial court, and that court upon hearing the same, arrives at a conclusion, the reviewing court is inclined to sustain the lower court for the well established reason that the trial court has better opportunity to judge the weight to be given to the testimony of various witnesses. There was sharp conflict in this case in spite of the assertion of counsel to the contrary, and the Court is not inclined to depart from its former decision herein.

614

It is asserted that the Court did not pass upon all the errors complained of. If counsel will read the Court's opinion with patience, he will discover that the Court has passed upon all the errors complained of. See next to last paragraph of opinion.

The application for rehearing will be denied.

BARNES, P. J., HORNBECK and GEIGER, JJ., concur.